IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 OCT -7 P 1:56

CLERK Ray
SO. DIST. OF GA

RAFAEL DE JESUS ALVARE GOMEZ,

Petitioner,

v.  :  CIVIL ACTION NO.: CV513-065

T. JOHNS, Warden and THE UNITED
STATES OF AMERICA,

Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at D. Ray James Prison in Folkston, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that the unit team threatened him about filing a grievance. Plaintiff also contends that the warden, Defendant Johns, threatened to transfer him if he appealed the denial of his formal grievance.

The United State Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.[1] Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617 (Jan. 10, 2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. at ___, 132 S. Ct. at 623 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007) (declining to extend Bivens liability to allow

---

[1] It should be noted that in the Eleventh Circuit such a claim has been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

2

a landowner to pursue a private action against employees of the Bureau of Land Development).

D. Ray James Prison is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Minneci and Alba, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees because The GEO Group, Inc., and its employees are private parties. Plaintiff may pursue damages claims against Defendants in state court.[2] Consequently, Plaintiff cannot bring a Bivens action against the named Defendants.

To the extent Plaintiff's claim—that he was threatened with retaliation if he pursued the grievance process—is not a viable state court damages claim, he does not set forth facts which indicate he is entitled to pursue his claim pursuant to Bivens. "To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison officials' actions were "the result of his having filed a grievance [or lawsuit] concerning the conditions of his imprisonment." Id. "An inmate must establish three elements to prevail on a retaliation claim." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). Specifically, the inmate must establish that: (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there was a causal

---

[2] The Court offers no opinion as to the efficacy of such a pursuit.

3

relationship between the retaliatory action and the adverse effect on speech. Id. "To establish causation, the plaintiff must show that the defendant was subjectively motivated to discipline the plaintiff for exercising his First Amendment rights. Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008). The Eleventh Circuit Court of Appeals has stated that a verbal threat "alone is insufficient to state a constitutional claim." See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)).

Plaintiff has not shown that he actually was retaliated against because he utilized the prison grievance system, only that he was threatened. "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO REPORTED** and **RECOMMENDED**, this 7th day of October, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4